UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DONOVAN SIERS, | ) | Civ. 14-4035-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID E. GILBERTSON, Chief Justice on South Dakota Supreme Court; JOHN K. KONENKAMP, Judge on South Dakota Supreme Court; GLEN A. SEVERSON, Judge on South Dakota Supreme Court; STEVEN L. ZINTER, Judge on South Dakota Supreme Court; LORI S. WILBUR, Judge on South Dakota Supreme Court; and LAURA J. GRAVES, Chief Deputy of Supreme Court, each in his or her individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER DISMISSING COMPLAINT |
| | ) | |
| Defendants. | ) | |

Plaintiff, Donovan Siers, is an inmate at the Mike Durfee State Prison (MDSP) in Springfield, South Dakota. Siers filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 2. On March 6, 2014, the court granted Siers leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee by April 7, 2014. Docket 6. Siers has since paid the filing fee. Additionally, Siers has filed a motion to amend or correct his complaint. Docket 11.

The court must now screen Siers's complaint to determine whether any claims should be dismissed. Pursuant to the PLRA, the court must dismiss an action or any portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## STANDARD OF REVIEW

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint for failure to state a claim, "[t]he court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)

(noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Simply stated, a pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). In the instant case, Siers claims that defendants violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights by "upholding some ex post facto

laws that are depriving [Siers] of [his] federal [sic] protected rights and . . . keeping these unconstitutional South Dakota state law [sic] enforced." Docket 1 at 5. Siers further alleges that "these unconstitutional state law[s] are also 4th and 14th Amendment constitutional violations and also 8th Amendment violations because of the fact that a person is forced to give evidence against himself whether it be blood, breath or urine." *Id.*

Siers claims that his resulting injury is as follows: "By having my federal [sic] protected rights deprived by the South Dakota judicial system to illegally convict me and illegally imprison me and illegally keep me in prison." Docket 1 at 5. To remedy these alleged constitutional violations, Siers requests that defendants be impeached or removed from office and charged with "deprivation of rights under color of law . . . ." *Id.* at 6. Moreover, Siers requests that the court require defendants to pay for this action. *Id.*

The primary issue raised by Siers's complaint relates to the grounds on which he was convicted and subsequently imprisoned. As the United States Supreme Court has noted, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). Therefore, to the extent Siers seeks to invalidate his sentence, he has failed to state a claim upon which

4

relief may be granted pursuant to § 1983. His sole remedy for challenging the fact or duration of his incarceration is a writ of habeas corpus.

To the extent Siers has intended to state claims under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, the court similarly finds that Siers has failed to state claims upon which relief may be granted. His complaint contains nothing more than labels and conclusions. Siers has not alleged facts sufficient to support the claims advanced, and the court will not assume facts that have not been pleaded. Accordingly, it is

ORDERED that Siers's complaint (Docket 1) is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915. The court reminds Siers that he may no longer initiate civil actions in forma pauperis unless he demonstrates that he is in "imminent danger of serious physical injury" as provided by 28 U.S.C. § 1915(g). Alternatively, Siers may file civil actions provided he pays the $400 filing fee applicable to civil actions.

IT IS FURTHER ORDERED that Siers's motion to amend or correct complaint (Docket 11) is denied as moot.

Dated June 10, 2014.

                                    BY THE COURT:

                                    /s/ *Karen E. Schreier*
                                    KAREN E. SCHREIER
                                    UNITED STATES DISTRICT JUDGE